IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PETE MARTINEZ,

    Plaintiff,

    v.                                                 No. CV 16-299 WJ/SCY

STATE OF NEW MEXICO
DEPARTMENT OF GAME & FISH

    Defendant.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT STATE OF NEW MEXICO DEPARTMENT OF GAME & FISH'S MOTION TO DISMISS**

THIS MATTER comes before the Court upon Defendant State of New Mexico Department of Game & Fish's ("Defendant") Motion to Dismiss Based on Qualified Immunity and Failure to State a Claim (**Doc. 14**), filed July 20, 2016. Having considered the parties' briefs and the applicable law, the Court finds that Defendant's Motion is well taken. Therefore, the Motion is **GRANTED** and Plaintiff's claims are dismissed with prejudice.

**Background**

Plaintiff Pete Martinez ("Plaintiff"), appearing *pro se*, filed a Complaint for Discrimination and Malicious Criminal Prosecution (**Doc. 1-1**) on April 14, 2016. Plaintiff alleges that Defendant deprived him of rights secured by the New Mexico Human Rights Act, NMSA 1978, §§ 28-1-1 to 28-1-13. He also claims malicious abuse of process pursuant to the New Mexico Tort Claims Act, NMSA 1978 §§ 41-4-1 to 41-4-27. Plaintiff further alleges that Defendant violated Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132.

Plaintiff also contends the Defendant violated the United States Constitution. Lastly, Plaintiff requests declaratory and injunctive relief in addition to monetary damages.

Plaintiff's Complaint arises out of events involving his criminal prosecution and conviction for unlawful hunting and poaching. Defendant investigated Plaintiff's poaching-related activities. Plaintiff was prosecuted for poaching-related charges in the Colfax County Magistrate Court, and he subsequently appealed those charges de novo in the Eighth Judicial District Court. Plaintiff argues that the state officials involved in his state-court criminal prosecution engaged in inappropriate conduct by calling a witness in the District Court proceeding who was not called in the Magistrate Court proceeding. Plaintiff likewise claims that certain witnesses, including Defendant's employees, lied on the stand during the state court proceedings. Plaintiff also raises a variety of discrimination claims based on Defendant's failure to allow Plaintiff to hunt in his preferred area, failure to open certain gates providing access to individuals with disabilities, failure to permit Defendant to perform community service on Defendant's facilities, and failure to ask the State Land Commissioner to construct a gate for access by persons with disabilities.

Defendants filed a Motion to Dismiss Based on Qualified Immunity and Failure to State a Claim (**Doc. 14**) on July 20, 2016. Plaintiff filed a Response (**Doc. 15**) on August 11, 2016, and Defendants filed a Reply (**Doc. 17**) on August 23, 2016.[1]

**Legal Standard**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standard for deciding motions on the pleadings is the same as the one that applies to a Rule 12(b)(6) motion to dismiss. *Myers v.*

---
[1] Plaintiff filed a Surreply (**Doc. 18**) on August 30, 2016 without leave of Court, and therefore the Court accordingly will not consider the arguments Plaintiff raises in his Surreply. *See* D.N.M. L.R. Civ. 7.4(b).

*Koopman*, 738 F.3d 1190, 1193 (10th Cir. 2013). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing a motion to dismiss, the Court accepts all well-pleaded factual allegations in the complaint as true and then determines whether the complaint plausibly states a legal claim for relief. *Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009).

## Discussion

### I. Plaintiff Failed to State a Claim Under the New Mexico Human Rights Act

The Court dismisses Plaintiff's claim under the New Mexico Human Rights Act for several reasons. First, Defendant correctly points out that it is not a "public accommodation" such that it can be found liable for violating the New Mexico Human Rights Act, NMSA 1978, § 28-1-2(H). In defining "public accommodation," the New Mexico Legislature did not include the State. *Id.* The Court agrees with Defendant that there is no question that the State of New Mexico Department of Game & Fish, a state agency, is not a public accommodation.

Second, Defendant also correctly notes that even if Defendant constituted a public accommodation, Plaintiff failed to exhaust the Human Rights Act's administrative requirements. The Human Rights Act contains mandatory administrative exhaustion procedures. NMSA 1978, §§ 28-1-10 to 28-1-13. Plaintiff made no attempt to follow these procedures and has not pursued administrative remedies with the New Mexico Human Rights Commission. "[A] plaintiff under the New Mexico Human Rights Act must exhaust his or her administrative remedies against each defendant before he or she may sue the defendant in court." *Tafoya v. Bobroff*, 865 F. Supp. 742, 748 (D.N.M. 1994), *aff'd,* 74 F.3d 1250 (10th Cir. 1996). Plaintiff has not responded to Defendant's arguments regarding exhaustion and has not alleged that he followed the procedures

set forth in Sections 28-1-10 and 28-1-13. The Court accordingly dismisses Plaintiff's New Mexico Human Rights Act claim, with prejudice.

## II. Plaintiff Failed to State a Claim Under the Americans with Disabilities Act

The Court agrees with Defendant that Plaintiff's Complaint appears to contain vaguely asserted claims under the Americans with Disabilities Act. Plaintiff contends that Defendant should have constructed gates and opened up certain areas for hunting. He also argues that the Defendant should have requested the State Land Commissioner to install gates in other locations. To the extent Plaintiff claims that Defendant lacks disability accommodations in public services, his claim must be brought under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132.

To establish a violation of Title II of the ADA, a plaintiff must prove (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. *Gohier v. Enright*, 186 F.3d 1216, 1219 (10th Cir. 1999).

Plaintiff failed to allege that he was denied access to any service or activity provided by Defendant on the basis of Plaintiff's disability. Plaintiff claims the State Land Commissioner did not construct gates upon State lands, that he was not permitted to perform community service on Defendant's facilities, and that Defendant does not supply a dedicated hunting area for persons with disabilities in the area where he wished to hunt. As a result, Plaintiff has not alleged that Defendant denied hunting services or that Defendant otherwise excluded him from hunting.

Having failed to state a claim, the Court dismisses Plaintiff's Americans with Disabilities Act claim, with prejudice.

Because the Court finds that Plaintiff failed to allege facts supporting a Title II claim, the Court need not address the remaining arguments Defendant raised in support of its Motion to Dismiss. The Court finds, however, that these arguments have merit.

### III.   Plaintiff Failed to State a Claim Under the New Mexico Tort Claims Act

The Court agrees with Defendant that the malicious abuse of process claim fails because Plaintiff failed to give the requisite notice under the New Mexico Tort Claims Act. The Tort Claims Act contains a written notice requirement. *See* NMSA 1978, § 41-4-16(A). Any "person who claims damages against a public entity is required to provide the administrative head of the public entity with written notice stating the "time, place[,] and circumstances of the loss or injury" that gave rise to the claim. *Herald v. Bd. of Regents of Univ. of New Mexico*, 2015-NMCA-104, ¶ 49, 357 P.3d 438. Such notice must be given "within ninety days after an occurrence giving rise to a claim." NMSA 1978 § 41-4-16(A). As Defendant correctly asserts in its Motion, the notice requirement is both a prerequisite to bringing a tort claim against a governmental entity, and a jurisdictional limitation. *See* NMSA 1978, § 41-4-16(B). Under the facts alleged in Plaintiff's Complaint, each of the occurrences supposedly giving rise to Plaintiff's malicious abuse of process claim occurred between late 2013 and May 2015. Plaintiff did not provide Defendant with notice of his claims within ninety days of the occurrences giving rise to his tort claim against Defendant, so his New Mexico Tort Claims Act claim is dismissed on this basis.

Moreover, even if Plaintiff did provide notice, the Court will dismiss Plaintiff's malicious abuse of process claim because there was probable cause that the allegations brought against

Plaintiff in the Magistrate Court proceeding were true. To state a claim for malicious abuse of process, a plaintiff must allege, among other elements, an "improper act" by the person initiating judicial proceedings against the plaintiff. *Santillo v. N.M. Dep't of Pub. Safety*, 2007-NMCA-159, ¶ 13, 143 N.M. 84, 88, 173 P.3d 6, 10. "The element of an improper act in the use of process can be established by showing that proceedings were initiated without probable cause or by establishing an "irregularity or impropriety suggesting extortion, delay, or harassment." *Id.* (quoting *Fleetwood Retail Corp. of N.M. v. LeDoux*, 2007-NMSC-047, ¶ 12, 142 N.M. 150, 154, 164 P.3d 31, 35).

In this case, the facts Plaintiff alleges in the Complaint show that there was probable cause underlying his prosecution in the Magistrate Court proceedings.[2] Plaintiff was convicted in Magistrate Court on two poaching-related charges, and subsequently convicted of one poaching count in District Court after a de novo appeal. Clearly there was probable cause for the criminal proceedings against him. As a result, the Court dismisses Plaintiff's malicious abuse of process claim.

### IV. Plaintiff Failed to State a Claim Under the United States Constitution

Plaintiff has set forth no law supporting his argument that Defendant's actions violated the federal Constitution. The Court agrees with Defendant that Plaintiff's federal constitutional claims must fail because Defendant, a New Mexico state agency, is not a person subject to suit pursuant to 42 U.S.C. § 1983. *McLaughlin v. Bd. of Trustees of State Colleges of Colorado*, 215 F.3d 1168, 1172 (10th Cir. 2000) (a governmental entity that is an arm of the state is not a "person" under Section 1983). Plaintiff did not respond to Defendant's arguments regarding his

---

[2] Plaintiff also takes issue with the way in which the Eight Judicial District Court proceedings transpired. However, as Defendant correctly argues in the Motion to Dismiss, the prosecutorial actions of the Eight Judicial District Attorney's Office cannot be imputed to Defendant and its officers. Defendant's officers did not, and indeed could not have, prosecuted the District Court matter.

Section 1983 claims. The Court accordingly dismisses Plaintiff's federal constitutional claims, with prejudice.

## V. Plaintiff Failed to State a Claim for Declaratory and Injunctive Relief

Plaintiff asks the Court to declare Defendant's allegedly discriminatory actions illegal. Plaintiff also seeks injunctive relief enjoining Defendant from continuing to discriminate against Plaintiff. As Defendant correctly assets in its Motion, declaratory relief is not proper because Plaintiff seeks damages for past conduct. *See Ysais v. New Mexico*, 373 F. App'x 863, 866 (10th Cir. 2010).

Moreover, injunctive relief is not warranted because Plaintiff has not alleged ongoing circumstances attributable to Defendant that may be redressed by injunctive relief. *See United States v. Hays*, 515 U.S. 737, 743 (1995).

## VI. Defendant is Entitled to Absolute Immunity

Lastly, the Court finds that Defendant is entitled to absolute prosecutorial immunity for the actions taken by its officers in prosecuting Plaintiff in the Colfax County Magistrate Court proceeding. "[A]bsolute prosecutorial immunity extends to state attorneys and agency officials who perform functions analogous to those of a prosecutor in initiating and pursuing civil and administrative enforcement proceedings." *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1489 (10th Cir. 1991). The conduct of Defendant's officers that Plaintiff calls into question is precisely the type of conduct covered by prosecutorial immunity. Plaintiff is aggrieved with the way in which Defendant's officers prosecuted his criminal case in the Magistrate Court, specifically by not calling a witness that was called in the subsequent District Court proceeding. Any acts undertaken by Defendant's officials in the course of their roles as prosecutors are entitled to absolute immunity. *See Kalina v. Fletcher*, 522 U.S. 118, 126 (1997) ("[A]cts

undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity.").

Simply stated, the legal and factual matters asserted in Plaintiff's Complaint are totally devoid of any legal merit. Accordingly, the Court finds that Defendant's Motion to Dismiss is well-taken and therefore **GRANTED**. Plaintiff's claims are hereby DISMISSED WITH PREJUDICE.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE